**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DENNIS KENNEDY,

    Plaintiff,

vs.                                                        CASE NO. 3:07-cv-1136-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

        This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB"). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #16). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #19). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated May 7, 2008 (Doc. #15). The Commissioner has filed the transcript of the proceedings (hereafter referred to as "Tr." followed by the appropriate page number).

        The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations. Accordingly,

the matter has been decided on the written record. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED**.

## I. Procedural History

In the instant action, Plaintiff filed an application for DIB on November 3, 2004, alleging disability beginning May 6, 2004 (Tr. 105-08). After being denied initially and upon reconsideration, Plaintiff requested a hearing, which was held on January 3, 2007 before Administrative Law Judge William H. Greer (the "ALJ") (Tr. 22-65). Plaintiff appeared and testified at the hearing, as did vocational expert Jack Turner (the "VE") (Tr. 22). Plaintiff was represented at the hearing by attorney Gil Spruance (Tr. 22). On March 15, 2007, the ALJ issued a hearing decision denying Plaintiff's claim (Tr. 11-21). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 4-6).

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i-v);[1] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step Four, while at Step Five the burden shifts to

---

[1] All references made to 20 C.F.R. will be to the 2008 edition unless otherwise specified.

the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by

substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### III. Discussion

Plaintiff is a fifty-five year old male with past relevant work history as a chain saw operator, mixing machine operator, truck driver, and security guard (Tr. 50-53).[2] Plaintiff has a high school education (Tr. 25). Plaintiff alleges he is unable to work due to a herniated disc in his neck and arthritis (Tr. 164). The ALJ determined that Plaintiff had the following "severe" impairments: arthritis in his neck; herniated discs; bilateral knee pain; and osteoarthritis (Tr. 13). The ALJ concluded, however, that these impairments alone or in combination did not meet or equal an impairment listed in the Regulations (Tr. 16). The

---

[2]The record reveals Plaintiff was born on March 6, 1954 (Tr. 24).

4

ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work (Tr. 17). Specifically, the ALJ found Plaintiff could sit for six hours, one hour without interruption; stand for two hours, twenty minutes without interruption; and walk for two hours, twenty minutes without interruption (Tr. 17). The ALJ found Plaintiff could lift five pounds frequently and twenty pounds occasionally (Tr. 17). The ALJ also concluded Plaintiff can occasionally bend and stoop, climb stairs, ladders, ropes, and scaffolds, and reach above shoulder level (Tr. 17). The ALJ found Plaintiff cannot crawl, crouch, or kneel, and cannot work around unprotected heights or moving/hazardous machinery (Tr. 17).

Based upon vocational expert testimony obtained at the hearing, the ALJ determined Plaintiff could perform his past relevant work as a security guard, as Plaintiff actually performed said job (Tr. 21). Consequently, the ALJ found Plaintiff not disabled at the fourth step of the sequential evaluation process (Tr. 21). Plaintiff raises two main issues on appeal. The undersigned will address each issue in turn.

### A. Whether the ALJ Failed to Frame an Appropriate Hypothetical Question to the Vocational Expert

Plaintiff's first argument is that the ALJ erred as a matter of law by finding Plaintiff can perform a limited range of light work[3] when Plaintiff's RFC (as determined by the ALJ) reflects Plaintiff is only capable of performing work at the sedentary[4] exertional level (Doc.

---

[3] Light work requires the ability to lift and carry twenty pounds occasionally and up to ten pounds frequently, sitting up to six hours of an eight-hour workday, and standing/walking six or more hours in an eight-hour workday. 20 CFR 404.1567(b); *see also* SSR 83-10, 1983 WL31251, at *5 (S.S.A. Nov. 30, 1982).

[4] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally (approximately two hours in an eight-hour workday) and other sedentary criteria are met. 20 CFR 404.1567(a); *see also* SSR 83-10, 1983 WL31251, at *5.

#16 at 5-6). Specifically, Plaintiff contends the ALJ's RFC assessment is incorrect because he stated Plaintiff was capable of light work, and the specific standing and walking limitations in his RFC determination are sedentary in nature (Doc. #16 at 5-6; *see also* Tr. 17). As stated herein, the undersigned is not persuaded by this argument.

Under the facts of this case, even though the ALJ did not label Plaintiff's functional limitations as "light" or "sedentary," the ALJ provided the VE with the relevant functional limitations in his hypothetical question (Tr. 54). Specifically, the ALJ incorporated Plaintiff's found RFC limitations into the hypothetical question he posed to the VE (Tr. 54-55). In response to the hypothetical question, the VE testified that Plaintiff's past relevant work as a security guard was performed by Plaintiff at the sedentary level of exertion, and that Plaintiff's ability to perform said job is congruent with the functional limitations, as set forth by the ALJ (Tr. 54-55).

Even if the ALJ was incorrect in stating Plaintiff was capable of a reduced range of light work (rather than sedentary work) the error was harmless because the VE nevertheless stated Plaintiff could perform his past relevant work as a security guard (as performed by Plaintiff); therefore, said putative error would not change the outcome of this case. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (the court found that an ALJ's mischaracterization of claimant's past work was harmless error when the mistake did not affect the ultimate outcome of the disability determination); *see also Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (procedural perfection in the administrative proceedings is not required and the court will not vacate a judgment unless substantial rights of a party have been affected).

Plaintiff additionally contends that the ALJ should have provided certain pain limitations in the hypothetical question posed to the VE because he has been diagnosed with chronic intractable pain (Doc. #16 at 7-8). Plaintiff maintains that his pain affects his ability to concentrate and that this limitation should have been posed to the VE (Tr. 7). Plaintiff, however, has not provided evidence to support his contention that his pain impairs his ability to concentrate.

As part of his burden of proving that he is disabled, Plaintiff must establish, through objective evidence, that his subjective complaints are credible. 20 C.F.R. §§ 404.1512(a). An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Moreover, a diagnosis of chronic intractable pain is not enough to establish separate functional limitations in addition to those already established by the record and found credible by the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (finding the mere existence of an impairment neither reveals the extent to which the impairment limits one's ability to work, nor does it undermine the ALJ's determination in that regard). The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of normal body function. *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002).

Here, the medical evidence of record indicates that Plaintiff's pain is well controlled by medication (*see* Tr. 307, 309, 311, 321, 323-24, 326, 328, 333, 335—wherein Plaintiff consistently reports that his pain is tolerable with medication). In addition, Plaintiff's treating physician, Russell H. Sachs, M.D. ("Dr. Sachs"), noted that Plaintiff was "doing fairly well" and keeping "fairly busy" with his activities of daily living (Tr. 330, 333). *See McSwain*, 814

F.2d at 620, n.1 (finding no error in the ALJ's omission in his hypothetical restrictions due to epilepsy when the plaintiff testified that his epilepsy was substantially controlled by medication). Moreover, while Plaintiff reported that his pain is on average a level seven on a scale of ten, with ten being the highest threshold of pain, he reported that with medication his pain is on average a level two (Tr. 354).

Based on the foregoing, the undersigned finds no error in the ALJ's omission from his hypothetical question pain limitations that were not found by the ALJ to be supported by the record. *See Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (finding an ALJ is not required to instruct the VE to assume conditions that he or she does not find exist).

Plaintiff also argues the ALJ did not take into account any side effects from his medication (Doc. #16 at 6-7). The ALJ, however, reviewed the record and noted that Plaintiff denied any medication side effects when specifically asked whether he experienced side effects on a form he completed for his treating physician, Dr. Sachs (Tr. 20; *see also* Tr. 323).[5]

In *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990), the plaintiff argued the many medications she took had severe side effects that the ALJ failed to take into consideration. The ALJ in that case noted that the plaintiff did not complain of side effects, with the exception that she felt one of her medications might be giving her headaches, and that the record did not disclose any concerns about side effects by the doctors who

---

[5]In addition, the undersigned's independent review of the record reveals that Plaintiff's treatment notes are largely silent with regards to medication side effects; however, on January 14, 2004, Dr. Sachs circled "not significant" next to the portion of his treatment notes form concerning medication side effects (Tr. 264; *see also* Tr. 214-383).

8

examined or treated her. *Id.* The Eleventh Circuit found, in that case, that the ALJ's determination that side effects from the plaintiff's medication did not present a significant problem was supported by substantial evidence. *Id.* The same rationale applies to the facts of this case. The ALJ was not obligated to find side effects where none were documented in the record.

B. **Whether the ALJ Improperly Discounted the Opinion of Plaintiff's Treating Physician**

Plaintiff's next argument is that the ALJ improperly discounted the opinion of his treating physician, Dr. Sachs (Doc. #16 at 8-10). Specifically, Plaintiff takes issue with the ALJ's treatment of Dr. Sachs' opinion that Plaintiff can only perform sedentary work at a 75 percent work schedule (six hours per day, five days per week) (Doc. #16 at 8-10; *see also* Tr. 19-20, 282-84). As stated herein, the undersigned is not persuaded by this argument.

Generally, "substantial" or "considerable" weight must be given to the opinion of a treating physician. *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985). A treating physician's report, however, may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. *Crawford,* 363 F.3d at 1159. Furthermore, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive because the ALJ must make a disability determination based upon the medical findings and other evidence of record. *Bell v. Bowen*, 796 F.2d 1350 (11th Cir. 1986). Opinions offered from any medical source on issues such as whether the individual is disabled under the Act are not medical issues relating to the nature and severity of the individual's impairments—rather, they are administrative findings dispositive of a case and hence reserved to the Commissioner. SSR 96-5p,1996 WL 374183, at *2 (S.S.A. July 2, 1996).

9

Here, the ALJ found Dr. Sachs' opinion that Plaintiff can only perform sedentary work at a 75 percent work schedule is neither supported by objective medical findings, nor consistent with the record as a whole (Tr. 20). Specifically, the ALJ noted that Plaintiff's treatment for pain has been routine and conservative (Tr. 19). Conservative treatment can provide a basis to support an Administration Law Judge's finding of not disabled. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996). The ALJ also pointed out that none of Dr. Sachs' treatment notes indicate Plaintiff has functional limitations that would support Dr. Sachs' conclusion that Plaintiff can only perform sedentary work at a 75 percent work schedule (Tr. 19).

Specifically, the ALJ noted that, in August 2004, Plaintiff reported to Dr. Sachs that he was actively looking for a job, and Dr. Sachs did not express any concern about whether Plaintiff was capable of returning to the workforce (Tr. 19; *see also* Tr. 249). Likewise, the ALJ noted that, in April 2004, Dr. Sachs stated Plaintiff was able to work and function in his activities of daily living (Tr. 19; *see also* Tr. 260). On December 9, 2004, Dr. Sachs reported that Plaintiff was still able to work (Tr. 19; *see also* Tr. 235). In November 2005, Dr. Sachs reported Plaintiff, "[is] keeping fairly busy with ADLs [activities of daily living]. Pain tolerable to meds" (Tr. 333).

The ALJ further points out that, during the period from January 2004 through January 2007, Dr. Sachs' treatment notes reveal that, although Plaintiff continued to experience pain, his prescribed medications made his pain tolerable (Tr. 19; *see also* 214-383, 404). The undersigned's independent review of the record reveals the aforementioned statement by the ALJ is supported by the record. The undersigned would also note that within Dr. Sachs' report at issue, Dr. Sachs stated that Plaintiff would be able stand or walk

10

(with normal breaks) for a total of two hours in an eight-hour workday and that Plaintiff would be able to sit (with normal breaks) for a total of six hours in an eight-hour workday (Tr. 282). Thus, within the same report Plaintiff takes issue with, Dr. Sachs indicated that Plaintiff can work eight hours per day (*see* Tr. 282). Consequently, the undersigned finds substantial evidence supports the ALJ's decision to discount Dr. Sachs' statement that Plaintiff can only perform sedentary work at a 75 percent work schedule (six hours per day, five days per week).

In addition, Plaintiff tangentially argues the ALJ should not have considered the $223 he made during an unsuccessful work attempt as evidence to discount Dr. Sachs' aforementioned opinion regarding Plaintiff's alleged inability to work (Doc. #16 at 9-10). The undersigned, however, finds it clear that the ALJ's reference to Plaintiff earning $223 in salary after his alleged onset date was related to the ALJ's credibility determination regarding the alleged intensity, persistence, and limiting effects of Plaintiff's symptoms, and was not related to the ALJ's review of Dr. Sachs' report (*see* Tr. 19).

The ALJ concluded Plaintiff has impairments that are reasonably expected to produce the type of pain he alleges; however, the ALJ also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible (Tr. 19). When making a determination of this nature, an Administrative Law Judge may consider a claimant's activities of daily living and "any other factors" concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186, at *3 (SSA July 2, 1996).

Here, the ALJ pointed to Plaintiff's work attempt after his alleged onset date to show that Plaintiff's, "activities of daily living have, at least at times, been somewhat greater than

[Plaintiff] has reported" (Tr. 19). Based on the foregoing, the undersigned finds no error with regards to the ALJ's consideration of Plaintiff's work attempt as part of his credibility determination related to the alleged intensity, persistence, and limiting effects of Plaintiff's alleged symptoms.

### IV. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this  30th  day of March, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge